IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

LA'JAMES L. COCHRAN,                    )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )          CV 126-037
                                        )
COUNSELOR SEAN GAMBLE,                  )
                                        )
            Defendant.                  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Dodge State Prison in Chester, Georgia, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred in Richmond County, Georgia.   He is proceeding *pro se* and *in forma pauperis* ("IFP").   Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.    SCREENING THE COMPLAINT

### A.    BACKGROUND

Plaintiff's complaint names Defendant Gamble as the sole Defendant.  (Doc. no. 1, pp. 1, 4.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On July 16, 2019, Defendant Sean Gamble, a public defender assigned to Plaintiff's state criminal case in Richmond County, visited Plaintiff at the Richmond County Jail.  (Doc. no. 1, pp. 4, 5.)  During this visit, Defendant Gamble informed Plaintiff that the District

Attorney would drop all charges against him. (Id.) Defendant Gamble presented Plaintiff with paperwork to sign and informed Plaintiff they were "probation papers." (Id.) Defendant Gamble never read the documents aloud or otherwise explained their contents to Plaintiff. (Id.) Plaintiff filled out and signed the documents. (Id.) However, the paperwork Plaintiff signed was actually a "Waiver of Right." (Id.) Plaintiff did not knowingly or voluntarily execute a waiver of his rights. (Id.)

Thereafter, at a hearing in Richmond County Superior Court before the Honorable James G. Blanchard, Jr., the District Attorney dropped all charges against Plaintiff. (Id. at 5-6.) Judge Blanchard, however, stated he could not "excuse" the matter and sentenced Plaintiff to twenty-five years with the first twenty years to be served in prison followed by five years of probation. (Id.) Defendant Gamble caused Plaintiff to enter an "ineffective," non-negotiated waiver of rights without Plaintiff's knowledge or consent. (Id. at 6.) Additionally, Defendant Gamble, with the participation of Plaintiff's family, withdrew funds from Plaintiff's bank account prior to Plaintiff's incarceration. (Id. at 5.)

For relief, Plaintiff seeks monetary damages of $75,000 to $80,000, a transfer to the Richmond County Jail, and the return of his Ford Explorer truck and driver's license. (Id. at 8-9.)

## B. DISCUSSION

### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325

(1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).  However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid § 1983 Claim Against Defendant Gamble Because He is Not a State Actor

Defendant Gamble is a not proper party under § 1983 because he is not a state actor. "A plaintiff raising a section 1983 claim must show the deprivation of 'a federal right by a person acting under color of state law.'" Gustino v. Stoneybrook W. Master Ass'n, Inc., 842 F. App'x 323, 328 (11th Cir. 2021) (*per curiam*) (quoting Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001)). Thus, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).

To hold that private parties, such as Defendant Gamble, are state actors, one of three conditions must be met: (1) the state coerced or significantly encouraged the action alleged to violate the Constitution; (2) the private party performed a function "traditionally the exclusive prerogative of the state;" or (3) the state "so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (citing NBC v. Commc'n Workers of Am., 860 F.2d 1022, 1026-27 (11th Cir. 2011)).

First, public defenders are not liable under § 1983 because "they are not state actors." Rolle v. Green, 712 F. App'x 897, 899 (11th Cir. 2017) (citing Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981)). "[R]epresentation of a client is an essentially private function, for which state office and authority are not required; and that a public defender is paid by the state . . . has no bearing on the lawyer's duties and obligations." Wusiya v. City of Miami Beach, 614 F. App'x 389, 392-93 (11th Cir. 2015) (*per curiam*) (citation omitted). Here, Defendant Gamble was the

4

public defender assigned to Plaintiff's state criminal case. (Doc. no. 1, p. 4.) Every act attributed to Defendant Gamble in the complaint – advising Plaintiff about the status of the charges, presenting documents for Plaintiff's signature in connection with the court proceedings, and appearing before Judge Blanchard on Plaintiff's behalf – relates to his representation of Plaintiff in his state criminal proceedings. (Doc. no. 1, pp. 5-6.) None of Plaintiff's allegations extend beyond Defendant Gamble's role as Plaintiff's public defender. Thus, Defendant Gamble is not a state actor, and Plaintiff fails to state a claim against him under § 1983.

> **3.   Any Potential State Law Claims Should Be Dismissed Without Prejudice**

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his complaint, those should be dismissed without prejudice so that Plaintiff may pursue them, if he so chooses, in state court. Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." Id. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may <u>decline</u> to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . .
> A proper resolution of the two state law causes of action will require a careful

analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined the complaint fails to state a claim that could serve as the basis for original federal court jurisdiction. Thus, without the federal claim, the Court concludes any potential state law claims should be dismissed without prejudice. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well. . . . [I]t usually should do so without prejudice as to refiling in state court.").

## II.   CONCLUSION

For the reasons explained above, the Court **REPORTS** and **RECOMMENDS** the case be **DISMISSED** and **CLOSED** because Plaintiff fails to state a federal claim upon which relief can be granted. The Court also **REPORTS** and **RECOMMENDS** any potential state law claims be **DISMISSED WITHOUT PREJUDICE**.

SO REPORTED and RECOMMENDED this 17th day of April, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6